## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

JOHN F. MILLER,

                        Plaintiff,

v.                                                      Case No:   6:16-cv-1239-Orl-18GJK


COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.

_____

## REPORT AND RECOMMENDATION[1]

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 22)** |
| **FILED:** | **May 4, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND

On June 30, 2016, Claimant entered into a contingency fee agreement (the "Agreement") in which he agreed to pay his counsel and law firm twenty-five percent of the total past-due benefits due to Claimant. Doc. No. 22-1.   On June 30, 2017, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. Nos. 17 and 18.   On September 1, 2017, Claimant moved for attorney's fees under the EAJA. Doc. No. 19.   On September 25, 2017, this Court awarded $3,748.02 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA") to Claimant.   Doc. No. 21.

On April 28, 2020, Claimant's counsel received notice of withholding of attorney's fees in the amount of $8,263.00, representing what remained of the twenty-five percent of the past-due benefits awarded to Claimant totaling $14,263.00, for his representation of Claimant in federal court. Doc. No. 22-2.   On May 4, 2020, Claimant's counsel filed an unopposed motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (the "Motion").   Doc. No. 22.   In the Motion, Claimant's counsel requests a fee award of $8,263.00.   *Id.* at 2.   The amount requested is less than the twenty-five percent of past-due benefits originally withheld, $14,263.00, minus the $3,748.02 counsel received in attorney's fees under the EAJA.[2]   *Id.* at 2.   The Motion is unopposed.   *Id.* at 3.

## II.    APPLICABLE LAW

Section 406(b)(1)(A) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

---

[2] Counsel is seeking less than the allowable amount because, upon information and belief, he understands that $6,000 from the originally withheld amount was distributed to pay the attorney that represented Claimant at the administrative hearing and only $8,263.00 remains to be distributed for his services.   Doc. Nos. 22 at 2; 22-2.

*Id.*   The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See id.*; § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In *Bergen*, the Eleventh Circuit held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." 454 F.3d at 1277.   Since Plaintiff was awarded past-due benefits following remand (*see* Doc. Nos. 22 at 2; 22-2), the Court may award attorney's fees under § 406(b).   *Culbertson v. Berryhill*, 139 S. Ct. 517, 520-21 (2019).

## III.   ANALYSIS

### A.  Fee Awards under § 406(b).

Counsel requests authorization to charge Claimant $8,263.00 in attorney's fees. Doc. No. 22 at 2. Under the EAJA, Claimant was awarded $3,748.02 in attorney's fees. Doc. No. 21.   The amount authorized under section 406(b) must be reduced by the EAJA award. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) (holding that district court erred in increasing the fee awarded under § 406(b) and ordering the claimant's attorney to refund the EAJA award to the client, and instead, "the district court could have simply awarded [the attorney] the difference between 25% of [the claimant's] past-due benefits and the amount of the EAJA fee."). The $8,263.00 in attorney's fees sought in this case reflects a deduction for the earlier EAJA award.

### B.      Reasonableness of Contingent Fee.

To evaluate an attorney's petition under 42 U.S.C. §406(b), the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002).   The

"best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not per se reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989).

The contingency fee negotiated by Claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citing *McGuire*, 873 F.2d at 981; *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)).   A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire*, 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent fee award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005), the Court applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieve. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

(Citations omitted.)   Courts in the Middle District of Florida have adopted this analysis. *See*

*McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718, 2008 WL 4710777, at *2-3 (M.D. Fla. Oct. 23, 2008).

Here, Claimant's counsel spent 33.5 hours on Claimant's case. Doc. Nos. 19 at 12-14; 22 at 2.   As a result, the case was remanded for further proceedings, and Claimant was ultimately successful on his claim.   Doc. Nos. 18; 22-2. The Agreement states that Claimant has agreed to pay attorney's fees equal to twenty-five percent of past-due benefits awarded to Claimant.   Doc. No. 22-1.   After reviewing the Motion, the results obtained, and the Agreement, the Court finds an additional award of $8,263.00 in attorney's fees to be reasonable.

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 22) be **GRANTED** as follows:

1.  Counsel be authorized to charge and collect from Claimant the sum of $8,263.00; and

2.  The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.   **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

**RECOMMENDED** in Orlando, Florida on May 5, 2020.

David A. Baker
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding Judge
Courtroom Deputy
Counsel of Record